[*General Term, April*, 1873.]

ECLIPSE INSURANCE COMPANY *v.* NICHOLAS SCHOEMER.

Where conditions are annexed to a policy of insurance, they will not be construed as amounting to warranties, unless the language employed in the policy referring to them, by fair and clear construction, makes them such. The language of the policy in such cases is to be taken most strongly against the insurer.

Where such conditions, not being warranties, require the assured to give notice to the insurer of any increased risk to the property insured "by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise," if the assured has no knowledge of such increase of risk, and could not have ascertained the same by the reasonable exercise of diligence, he can not be affected by such increased risk, or be bound, at his peril, to ascertain its existence, and notify the insurer thereof.

If the object of requiring such notice be stated in the condition to be that the insurer may exercise, or not, an option reserved to him to cancel such policy, which he reserves the right to do at pleasure without assigning any reason therefor, and he obtains notice from other sources of such increased risk from such user of neighboring premises, that accomplishes the same purpose as if the insured had given such notice, and will excuse the insured from so doing. If the insurer does not thereupon elect to cancel such policy, but continues it, he will be liable for a loss afterward happening.

A bill of exceptions, which does not set out the evidence, but merely that evidence was given "tending to prove" certain facts, can not be so construed as to authorize the court to assume that evidence was given "tending to prove" any other fact put in issue by the pleadings; and if any charges of the court as to the law are based wholly upon such other facts, they are to be taken by a reviewing court as mere abstract propositions, and whether correct or not, will not warrant the reversal of the judgment rendered in the case.

*Matthews & Ramsey*, for plaintiff in error.

*Forrest & Lindemann*, for defendant in error.

YAPLE, J.   This is a petition in error, brought to reverse a judgment rendered at Special Term, in favor of Schoemer, plaintiff in the case, against the insurance company, for $2,500.

Schoemer was insured against loss by fire in the sum of $3,000, on his frame house, situated on Harrison avenue, in the city of Cincinnati, and which was destroyed by fire during the time covered by the policy.   The policy provided "that in case the above-mentioned building, or any part thereof, shall hereafter be appropriated, applied, or used to or for the purpose of carrying on or exercising *therein* any trade, business, or vocation named, or any business whatever, in any of the articles denominated hazardous or specially hazardous *in the conditions annexed to this policy*, etc., these presents shall *cease* and be of *no force* or *effect."*   Also, "this policy is made and accepted in *reference* to conditions hereunto *annexed,* which are to be used and resorted to, in order to *explain* the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided.

One of the printed "conditions annexed" is as follows:

"If, during the insurance, the risk shall be increased by the erection of buildings, or by the use or occupation of *neighboring* premises, or otherwise, it shall be the duty of the insured to notify this company thereof.   This company

reserves the right to terminate this insurance at any time, by giving notice to that effect to the insured, or his representative," etc.

The defense was, that a smoke-house, increasing the risk, was erected on neighboring premises, of which the insured wholly failed to give the company notice, and that the insured property was destroyed by fire originating in such smoke-house.

The bill of exceptions shows that this smoke-house was put upon premises which the insured did not own, and farther away from his house than an intervening stable, built by, and in the possession of, a tenant of the plaintiff, which stable the tenant insured for his own benefit in this company, and which insurance was subsisting at the time of the loss.   The size and character of the so-called "smoke-house" is not disclosed, and of how much or how little importance, as a fact affecting the risk it was, we can not know judicially.

The bill of exceptions, which does not profess to state the evidence, entirely omits to state that there was any evidence "tending to prove" that the insured knew of the construction or existence of this "smoke-house," or that, by the exercises of due observation, he could, or ought to have, known of its existence ; nor does the bill of exceptions disclose that there was any evidence "tending to prove" that the insurance company was ignorant of its construction, existence, and character, as affecting its risks upon the neighboring stable and the plaintiff's property. Having a risk on the stable located between the "smoke-house" and the plaintiff's property, it is but fair to presume, as the contrary is not claimed, that it did know of it, or that the owner of the stable, which was insured by the company, being nearer the smoke-house than the plaintiff, informed it of the existence and nature of the same.

The court charged the jury, in substance, that the insured was not bound to notify the defendant of any increased risk, the existence of which he could not learn,

without trespassing upon others' property, as a secret and hazardous trade carried on in some other property-owners' cellar or back yard; that, under the condition, plaintiff was only bound to notify the defendant of such increased risks created on neighboring property, as might come to his knowledge, or which he might discover by passing by such neighboring premises. The court also charged the jury, that if the smoke-house increased the risk, that plaintiff knew the same and failed to notify the defendant thereof, the defendant was still liable, unless the smoke-house was the cause of the fire and the loss.

The defendant asked the court to charge the jury, that if the erection and maintenance of the smoke-house increased the risk, it was the duty of the plaintiff to ascertain it and notify the defendant, and that his ignorance of the existence of such facts could not excuse his failure to so notify the defendant; also, that it was immaterial whether the smoke-house was the cause of the fire and loss or not. These charges the court refused to give, and the defendant excepted to such refusals to charge, as well as to the charges of the court as given. A motion for a new trial was made and overruled, judgment rendered upon the verdict, and this proceeding in error brought to reverse such judgment.

We fail to see how we can determine any of the legal questions presented by this bill of exceptions, for it does not make them other than mere *abstract* propositions of law.

It is a settled rule of 'law that policies of insurance, where the language is claimed to create a warranty, are to be construed most strictly against the insurer, and must clearly amount to a warranty. The condition annexed to this policy is not, by the terms of the policy itself, incorporated into and made part of it, like the putting of the insured property to a hazardous use is. This condition is to be simply " used and resorted to, in order to explain the rights and obligations of the parties hereto in all cases not herein otherwise specially provided;" and it is said: "This

policy is made and accepted in *reference* to " such annexed conditions.

Where, then, the plaintiff had no knowledge of, and could not, by the lawful exercise of proper dilligence, ascertain such increased risk caused by something upon neighboring premises, this condition, fairly construed, did not oblige him, at his peril, to ascertain such facts and notify the company of their existence. In such case he would be guilty of no breach of duty under his contract. Another rule of legal practice is well settled. Where a bill of exceptions does not profess to state all the evidence, but only that there was evidence " tending to prove " certain facts, the law can not imply that there was evidence tending to prove any other fact put in issue by the pleadings. Nothing can be supplied by intendment or inference. Here, the company, having another risk on property nearer this smoke-house than the plaintiff's house, may, for aught that appears, have been informed by the owner of that property of the erection and character of the smoke-house, and have known all the facts in relation to it. If so, any notice to the company by the plaintiff would have been needless. By the condition, the company reserved the right to cancel the policy at any time, and such notice could only have been necessary to enable it to determine whether it would exercise such right or not. It had the right to do so with or without cause, or assigning any reason, or it could waive such right, even if it knew the risk to be increased by the changed character of neighboring premises. Knowledge from any source would enable it to exercise this option as fully and amply as if the plaintiff had communicated to it the information.

The judgment is affirmed, but without penalty.